IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHERIE VANOVEN, On Behalf of Herself<br>And All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHESAPEAKE ENERGY CORPORATION,<br>CHESAPEAKE ENERGY MARKETING, INC.,<br>CHESAPEAKE EXPLORATION, L.L.C.<br>CHESAPEAKE MIDSTREAM GAS SERVICES,<br>L.L.C., CHESAPEAKE MIDSTREAM OPERATING,<br>INC., BP AMERICA, INC., BP AMERICA<br>PRODUCTION COMPANY, BP ENERGY<br>COMPANY, BP, INC., and VERNON L. SMITH<br>AND ASSOCIATES, INC.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 4:10-CV-00158-BSM<br>JURY DEMANDED |

## AGREED CONFIDENTIALITY ORDER

For good cause shown, the Court enters this Confidentiality Order.    IT IS

ORDERED:

1.    Counsel for the producing party may for good cause designate any

documents or things produced in the course of discovery in this case as confidential when

such party or counsel for such party in good faith believes that such document or material

contains proprietary or confidential information that would provide a real advantage to a

competitor if disclosed.    Said designation of documents or things as confidential will not

be made arbitrarily but will only be based upon a demonstrable good faith bases.

2.      The parties shall so designate a document or thing by marking it "CONFIDENTIAL." Documents produced in native electronic format will not have a physical stamp and will be designated as confidential by pending "CONF" to the original file name prior to producing or furnishing the electronic document or file.

3.      If such materials have already been produced in discovery in this Lawsuit to the other party, the party producing such materials shall notify the other party within thirty (30) days after execution of this Order that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall take all reasonable steps to restrict its disclosure or use of such information to only those persons qualified under this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such information previously disclosed by such party and advise such persons to treat the designated materials as confidential under this Order as though originally so designated.

Alternatively, at the election of the producing party, the producing party may provide another copy of such previously produced materials with the appropriate designations under this Order to the receiving party and may request the receiving party return or destroy all materials produced prior to this Order taking effect.

4.      No document shall be designated as confidential if it can be reasonably determined, from the face of the document, that the document has been distributed to persons not obligated to maintain the confidentiality of the information contained therein.

5.      Confidential documents and materials will be used by the receiving party solely for purposes of preparing for and conducting the trial of this case, and shall not be disclosed to any persons other than those identified in paragraph 6.

6.      Documents and things designated "CONFIDENTIAL" shall not, without the prior written consent of the producing party or prior order of the Court, be disclosed to any person or entity other than the following: (a) the party to which they are produced, that party's counsel, and representatives of that party's counsel involved in the case; (b) outside experts and/or consultants who are retained to assist counsel for the party in connection with the case, and the employees of such persons; (c) outside photocopying, data processing, document imaging or graphic production services employed by the parties or their counsel; or (d) the Court and its staff, and stenographers and videographers, if any, transcribing or recording deposition or trial testimony.

7.      In the event any electronic document or file designated as "CONFIDENTIAL" is produced in native electronic format and a party subsequently prints the electronic document or file, it shall be the responsibility of the party who prints the document or file to affix the appropriate stamp to the printed document or file before disclosing to persons qualified under this Order.

8.      For non-written material, such as recordings, magnetic media, floppy disks, CD-ROMs, photographs, and other tangible items, the producing party shall attach a marking that prominently displays the word "CONFIDENTIAL" to the material or to a container for that material, in any suitable manner.

9.    Any person receiving a document or thing designated "CONFIDENTIAL" shall not disclose, disseminate, divulge or discuss such information to or with any other person who is not entitled to receive such information under this agreement. Any copies made of confidential material are also confidential. Any person who is given access to the confidential material as permitted herein shall first be informed of the provisions of this Order and shall sign an Acknowledgement of Confidentiality Order in the form attached hereto.

10.    Any inadvertent failure by the producing party to designate information as "CONFIDENTIAL" shall not constitute or act as a waiver of its ability to designate such information as "CONFIDENTIAL" pursuant to this Order. The receiving party's obligation to treat information as confidential information shall commence upon its receipt of the producing party's designation of information as "CONFIDENTIAL."

11.    If a party in good faith believes that any portion of a deposition taken in this Lawsuit (including any of its exhibits) contains or reveals any confidential information, a party may designate as confidential any or all portions of the deposition transcript and exhibits within thirty (30) days following receipt of the deposition transcript. The word "CONFIDENTIAL" shall be affixed to the cover page and the designated pages of the transcript and exhibits. The use and disclosure of such designated portions of deposition transcripts and exhibits shall be governed by the same rules that govern the use or disclosure of designated confidential information under this Order.

12.    If the parties or their counsel receive a subpoena or other request for documents from any person or entity seeking disclosure of the confidential material, they shall promptly give written notice by overnight delivery or fax to counsel for the other party enclosing a copy of the subpoena, and shall also inform the party issuing the subpoena that the documents sought are subject to this Order and may not be disclosed without the consent of the other party or upon the order of a court with jurisdiction.

13.    After the conclusion of the above-styled and numbered action, each party shall return all copies of material designated "CONFIDENTIAL" to counsel for the party that produced such documents or things. The parties are not required to return or destroy confidential data archived on computer backups, but they will protect the backup archives from disclosure according to the other terms of this Order.

Done this 15 day of September, 2010. .

Brian S. Miller, Judge

Approved and Agreed,

By: _____
Keith L. Grayson
Arkansas Bar No. 91014

GRAYSON & GRAYSON, P.A.
P.O. Box 1447
Heber Springs, Arkansas 72534
(501) 206-0905 Main
graysonlaw@suddenlinkmail.com
klgmlg@aol.com

Approved and Agreed,

By: _____
Jesse R. Pierce
Arkansas Bar No. 2010082

JESSE R. PIERCE & ASSOCIATES, P.C.
4203 Montrose Blvd.
Houston, Texas 77006
(713) 634-3636 Direct
(713) 634-3600 Main
(713) 634-3601 Fax
jrpierce@jrp-assoc.com

Charles R. Hicks
Arkansas Bar No. 79087
HICKS LAW FIRM
111 Center St., Suite 1200
Little Rock, Arkansas  72201
(501) 371-0068  Main
(501) 372-3428  Fax
charleshicks@comcast.net

*Attorneys for Plaintiff Cherie
Vanoven*

G. Michael Millar
Arkansas Bar No. 77092
mmillar@millargibson.com
Lindsey K. Bell
Arkansas Bar No. 2003139
lbell@millargibson.com
MILLAR GIBSON, P.A.
401 W. Center
Searcy, Arkansas  72143
(501) 268-8220  Main
(501) 278-5995  Fax

Michelle P. Cullen
Arkansas Bar No. 2006140
P.O. Box 18496
Oklahoma City, OK  73154-0496
(405) 935-2674  Main
(405) 849-2674  Fax
michelle.cullen@chk.com

*Attorneys for Chesapeake Energy
Corporation, Chesapeake Energy
Marketing, Inc., Chesapeake
Exploration, L.L.C., Chesapeake
Midstream Gas Services, Inc.,
Chesapeake Midstream Operating,
Inc., Chesapeake Operating, Inc. and
Vernon L. Smith and Associates, Inc.*

By:

Christopher Heller
Arkansas Bar No. 81083

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, Arkansas  72201-3493
(501) 376-2011  Main
heller@fridayfirm.com

David M. Bates
*Pro Hac Vice*
Gardere Wynne Sewell, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
(713) 276-5355  Direct
(713) 276-5500  Main
(713) 276-6355  Fax
dbates@gardere.com

*Attorneys for BP America, Inc.,*
*BP America Production company,*
*BP Energy Company, and BP, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHERIE VANOVEN, On Behalf of Herself And All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 4:10-CV-00158-BSM JURY DEMANDED |
| CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE ENERGY MARKETING, INC., CHESAPEAKE EXPLORATION, L.L.C. CHESAPEAKE MIDSTREAM GAS SERVICES, L.L.C., CHESAPEAKE MIDSTREAM OPERATING, INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, BP ENERGY COMPANY, BP, INC., and VERNON L. SMITH AND ASSOCIATES, INC., | § § § § § § § § § § | |
| Defendants. | § | |

## ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER

I hereby acknowledge that I have been provided with a copy of the Confidentiality

Order that is in effect in the above-styled case, and that I agree to be bound by the terms

thereof and consent to this Court's jurisdiction to enforce the Order.

DATED this _____ day of _____, 20____.


_____

Printed Name:_____