IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHERIE VANOVEN, On Behalf of Herself And All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE ENERGY MARKETING, INC., CHESAPEAKE EXPLORATION, L.L.C. CHESAPEAKE MIDSTREAM GAS SERVICES, L.L.C., CHESAPEAKE MIDSTREAM OPERATING, INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, BP ENERGY COMPANY, BP, INC., and VERNON L. SMITH AND ASSOCIATES, INC., <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § | NO. 4:10-CV-00158-BSM <br> JURY DEMANDED |

## AGREED SUPPLEMENTAL CONFIDENTIALITY ORDER

For good cause shown, the Court enters this Agreed Supplemental Confidentiality Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. IT IS ORDERED:

1. Counsel for the producing party may for good cause designate any documents or things produced in the course of discovery in this case as "Confidential" when such party or counsel for such party in good faith believes that such document or material contains proprietary or confidential information that would provide a real advantage to a competitor if disclosed. When Counsel for the producing party in good faith believes that such document or material contains extremely sensitive confidential commercial information, disclosure of which would create a substantial risk of serious

commercial injury that could not be avoided by less restrictive means, or information that the producing party is prohibited from disclosing by contract or other legal obligation, then such counsel may for good cause designate such documents or things produced in the course of discovery in this case as "Attorney's Eyes Only." Said designation of documents or things as "Confidential" or "Attorneys Eyes Only" will not be made arbitrarily but will only be based upon a demonstrable good faith bases.

2. The parties shall so designate a document or thing by marking it "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as the case may be. Documents produced in native electronic format will not have a physical stamp and will be designated as confidential by pending "CONF" or "AEO," as the case may be, to the original file name prior to producing or furnishing the electronic document or file.

3. If such materials have already been produced in discovery in this Lawsuit to the other party, the party producing such materials shall notify the other party within thirty (30) days after execution of this Order that such documents shall be marked and deemed "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under the terms of this Order. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," shall take all reasonable steps to restrict its disclosure or use of such information to only those persons qualified under this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such information

previously disclosed by such party and advise such persons to treat the designated materials as confidential under this Order as though originally so designated.

Alternatively, at the election of the producing party, the producing party may provide another copy of such previously produced materials with the appropriate designations under this Order to the receiving party and may request the receiving party return or destroy all materials produced prior to this Order taking effect.

4. No document shall be designated as confidential if it can be reasonably determined, from the face of the document, that the document has been distributed to persons not obligated to maintain the confidentiality of the information contained therein, unless the producing party can show that the documents are subject to a confidentiality requirement not evident on the face of the document. Any party that disputes the designation of a document or thing designated as "Confidential" or "Attorneys Eyes Only" may notify the producing party and specify the basis for the objection. The parties will meet and confer in good faith to attempt to resolve the issue, and if it cannot be resolved, the party disputing the designation may challenge the designation in a motion to the court, filing the disputed document or thing under seal in accordance with the court's procedures. The provisions of this Order must be followed pending a decision on the dispute.

5. Confidential documents and all information contained in or derived from such documents, whether designated "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY," will be used by the receiving party solely for purposes of preparing for and conducting the trial of this case, and shall not be disclosed to any persons other than those

700805                                                                                                    3

identified in paragraph 6. Any such person receiving confidential documents and materials designated "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" shall use such confidential documents and materials only for preparation and trial of this case and not for any business or competitive purpose, and shall not disclose the information to any other person. The procedures set forth in this Order need not be followed by the producing party or its employees or attorneys with respect to documents or materials that the producing party designated as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY."

6. Documents and things designated "CONFIDENTIAL" shall not, without the prior written consent of the producing party or prior order of the Court, be disclosed to any person or entity other than the following: (a) an individual named party or employees of a corporate named party actively working on the case, (b) that party's counsel, and employees of that party's counsel actively working on the case; (c) outside experts and/or consultants who are retained to assist counsel for the party in connection with the case, and the employees of such persons actively working on the case; (d) outside photocopying, data processing, document imaging or graphic production services employed by the parties or their counsel; or (e) the Court and its staff, and stenographers and videographers, if any, transcribing or recording deposition or trial testimony. Documents and things designated "ATTORNEY'S EYES ONLY" shall not, without the prior written consent of the producing party or prior order of the Court, be disclosed to any person or entity other than the following: (a) a party's outside counsel, and representatives of that party's outside counsel actively working on the case; (b) outside

700805                                                                                                       4

experts and/or consultants who are retained specifically to assist counsel for the party in connection with the case, and the employees of such persons actively working on the case; (c) outside photocopying, data processing, document imaging or graphic production services employed by the parties or their counsel; or (d) the Court and its staff, and stenographers and videographers, if any, transcribing or recording deposition or trial testimony.

7. In the event any electronic document or file designated as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" is produced in native electronic format and a party subsequently prints the electronic document or file, it shall be the responsibility of the party who prints the document or file to affix the appropriate stamp to the printed document or file before disclosing to persons qualified under this Order.

8. For non-written material, such as recordings, magnetic media, floppy disks, CD-ROMs, photographs, and other tangible items, the producing party shall attach a marking that prominently displays the word "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" to the material or to a container for that material, in any suitable manner.

9. Any person receiving a document or thing designated "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" shall not disclose, disseminate, divulge, provide access to, or discuss such information to or with any other person who is not entitled to receive such information under this agreement. Any copies made of such confidential material are also confidential. Any person who is given access to the confidential material as permitted herein shall first be informed of the provisions of this Order and shall sign an Acknowledgement of Confidentiality Order in the form attached hereto.

10. Any inadvertent failure by the producing party to designate information as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" shall not constitute or act as a waiver of its ability to designate such information as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" pursuant to this Order. The receiving party's obligation to treat information as confidential information shall commence upon its receipt of the producing party's designation of information as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY."

11. Documents or materials designated "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" may be disclosed to a witness during deposition or trial in this case, subject to the condition that the witness is not provided with any such documents or materials to take from the place of the deposition or trial. If a party in good faith believes that any portion of a deposition taken in this Lawsuit (including any of its exhibits) contains or reveals any confidential information, a party may designate as confidential any or all portions of the deposition transcript and exhibits within thirty (30) days following receipt of the deposition transcript. The word "CONFIDENTIAL" or the words "ATTORNEY'S EYES ONLY" shall be affixed to the cover page and the designated pages of the transcript and exhibits. To ensure that appropriate steps can be taken to designate depositions as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY," no party shall divulge any portion of any deposition to a person other than a person authorized to receive "ATTORNEY'S EYES ONLY" materials or documents prior to thirty (30) days after the deposition transcript has been provided to counsel. The use and disclosure of such designated portions of deposition transcripts and exhibits shall

700805                                                                                          6

be governed by the same rules that govern the use or disclosure of designated confidential information under this Order. Documents or materials designated "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" may be offered as evidence at trial or any court proceeding in the litigation, provided that the party who produced the documents or materials may move the Court for an order that the materials be received under conditions to prevent unnecessary disclosure or filed under seal pursuant to the Court's procedures.

12. If the parties or their counsel receive a subpoena or other request for documents from any person or entity seeking disclosure of the confidential material, they shall promptly give written notice by overnight delivery or fax to counsel for the other party enclosing a copy of the subpoena, and shall also inform the party issuing the subpoena that the documents sought are subject to this Order and may not be disclosed without the consent of the other party or upon the order of a court with jurisdiction.

13. When material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is presented, offered, quoted, or referenced in any hearing, counsel presenting, offering, quoting, or referencing the Confidential or Attorney's Eyes Only Material shall alert the Court so that the Court may take steps as it believes are reasonably necessary to protect the Confidential or Attorney's Eyes Only material at issue. The application of this paragraph is limited to pretrial proceedings.

14. Within (60) sixty days aAfter the conclusion of the above-styled and numbered action, each party shall return all copies of material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to counsel for the party that produced such documents or things. The parties are not required to return or destroy

confidential data archived on computer backups, but they will protect the backup archives from disclosure according to the other terms of this Order..

15. If any party or any person who has signed an Acknowledgement of Confidentiality Order learns of any unpermitted disclosure or other breach of the confidentiality provisions of this order, whether inadvertent or intentional, that party or person shall immediately retrieve the confidential document and notify counsel for the producing party of such disclosure or breach, in writing, explaining the circumstances and identifying the affected documents to the extent possible.

16. This Order shall be binding on any parties hereafter joined in this litigation.

Done this 6th day of June, 2011.

_____
Brian S. Miller, Judge

| | |
|---|---|
| Approved and Agreed, | Approved and Agreed, |
| Plaintiff Cherie Vanoven | Defendants Chesapeake Energy Corporation, Chesapeake Energy Marketing, Inc., Chesapeake Exploration, L.L.C., Chesapeake Midstream Gas Services, Inc., Chesapeake Midstream Operating, Inc., Chesapeake Operating, Inc. and Vernon L. Smith and Associates, Inc. |
| By: /s/ Keith L. Grayson<br>Keith L. Grayson<br>Arkansas Bar No. 91014 | |
| | By: /s/ Jesse R. Pierce<br>Jesse R. Pierce<br>Arkansas Bar No. 2010082 |
| Grayson & Grayson, P.A.<br>P.O. Box 1447<br>Heber Springs, Arkansas  72534<br>(501) 206-0905  Main<br>graysonlaw@suddenlinkmail.com<br>klgmlg@aol.com | Jesse R. Pierce & Associates, P.C.<br>4203 Montrose Blvd.<br>Houston, Texas  77006<br>(713) 634-3600  Main<br>(713) 634-3601  Fax<br>jrpierce@jrp-assoc.com |
| Approved and Agreed,<br><br>Charles R. Hicks<br>Arkansas Bar No. 79087<br>HICKS LAW FIRM<br>111 Center St., Suite 1200<br>Little Rock, Arkansas  72201<br>(501) 371-0068  Main<br>(501) 372-3428  Fax<br>charleshicks@comcast.net | G. Michael Millar<br>Arkansas Bar No. 77092<br>mmillar@millargibson.com<br>Lindsey K. Bell<br>Arkansas Bar No. 2003139<br>lbell@millargibson.com<br>Millar Gibson, P.A.<br>401 W. Center<br>Searcy, Arkansas  72143<br>(501) 268-8220  Main<br>(501) 278-5995  Fax |
| *Attorneys for Plaintiff Cherie Vanoven* | Michelle P. Cullen<br>Arkansas Bar No. 2006140<br>P.O. Box 18496<br>Oklahoma City, OK  73154-0496<br>(405) 935-2674  Main<br>(405) 849-2674  Fax<br>michelle.cullen@chk.com |

Case 4:10-cv-00158-BSM   Document 48   Filed 06/06/11   Page 10 of 11
Case 4:10-cv-00158-BSM   Document 46   Filed 05/26/11   Page 13 of 14

*Attorneys for Chesapeake Energy Corporation, Chesapeake Energy Marketing, Inc., Chesapeake Exploration, L.L.C., Chesapeake Midstream Gas Services, Inc., Chesapeake Midstream Operating, Inc., Chesapeake Operating, Inc. and Vernon L. Smith and Associates, Inc.*


Approved and Agreed,

**BP America, Inc., BP America Production company, BP Energy Company, and BP, Inc.**

By: *[signature]*
Christopher Heller
Arkansas Bar No. 81083

Friday, Eldredge & Clark, LLP
400 West Capitol, Suite 2000
Little Rock, Arkansas 72201-3493
(501) 376-2011  Main
heller@fridayfirm.com

David M. Bates
*Pro Hac Vice*
Gardere Wynne Sewell, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
(713) 276-5355  Direct
(713) 276-5500  Main
(713) 276-6355  Fax
dbates@gardere.com

*Attorneys for BP America, Inc., BP America Production company, BP Energy Company, and BP, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CHERIE VANOVEN, On Behalf of Herself And All Others Similarly Situated, §§§§§ Plaintiff, §§§ v. §§ CHESAPEAKE ENERGY CORPORATION, § CHESAPEAKE ENERGY MARKETING, INC., § CHESAPEAKE EXPLORATION, L.L.C. § CHESAPEAKE MIDSTREAM GAS SERVICES, § L.L.C., CHESAPEAKE MIDSTREAM OPERATING, § INC., BP AMERICA, INC., BP AMERICA § PRODUCTION COMPANY, BP ENERGY § COMPANY, BP, INC., and VERNON L. SMITH § AND ASSOCIATES, INC., §§§ Defendants. § | NO. 4:10-CV-00158-BSM JURY DEMANDED |

**ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER**

I hereby acknowledge that I have been provided with a copy of the Agreed Supplemental Confidentiality Order that is in effect in the above-styled case ("Order"), that I have been advised of the provisions of the Order and the limited purposes for which information in documents designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may be used, and that I agree to be bound by the terms thereof and consent to this Court's jurisdiction to enforce the Order.

DATED this _____ day of _____, 20____.

_____
Printed Name:_____